UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN JAMES COOK,<br><br>               Petitioner,<br><br>   v.<br><br>JOHANNA SMITH,<br><br>               Respondent. | Case No. 1:12-cv-00281-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are various motions filed by the parties and by proposed intervenors that are now ripe for adjudication, including Respondent's Motion to Dismiss based on procedural default. Having reviewed the record in this matter, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

**RESPONDENT'S MOTION TO DISMISS**

Respondent asserts that all of Petitioner's claims are procedurally defaulted, and that the Petition for Writ of Habeas Corpus is subject to dismissal with prejudice. (Dkt. 18.) Petitioner makes several arguments in response to show that his claims are not

**MEMORANDUM DECISION AND ORDER - 1**

procedurally defaulted, or, if they are, why the merits of the claims should be heard under one of the exceptions to the procedural default rule. (Dkt. 27.)

**1.      Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In considering dismissal, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a petitioner has not exhausted his state court remedies for a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on an unexhausted claim. 28 U.S.C. § 2254(b). A petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court

**MEMORANDUM DECISION AND ORDER - 2**

(improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted." Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). Under these circumstances, the claim is considered to be "procedurally defaulted" for purposes of federal habeas corpus proceedings. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

## 2.      Background

In October 2000, Petitioner was indicted for crimes relating to a scheme to defraud investors in Utah, Idaho, and Wyoming, in a federal criminal case in the United States

District Court for the District of Wyoming. See Case No. 00-cr-00144-01J, *United States of America v. Steven James Cook*.

In addition, in July 2001, Petitioner was charged with nine counts of grand theft by deception, one count of selling securities without a license, and a persistent violator enhancement, in an Information filed in the Bear Lake County District Court in Paris, Idaho. (State's Lodging A-1, pp. 60-64.) Petitioner, aided by appointed counsel Todd Garbett, pleaded guilty to the nine counts of grand theft in exchange for dismissal of the other two charges. Petitioner was sentenced to a unified term of fourteen years, with five years fixed for Count I (to run concurrent with his sentence in a related federal case), followed by eight consecutive unified terms of eight years with three years fixed for the remaining counts. His total aggregate sentence was 78 years, consisting of 29 years fixed, with 49 years indeterminate. In addition, he was ordered to pay $1,467,577 in restitution. (State's Lodging A-1, p. 84.)

No direct appeal was filed, but Petitioner filed a Rule 35 motion for reduction of sentence. (State's Lodging A-1, p. 94.) The state district court denied the motion, and Petitioner did not file an appeal. (*Id.*, p. 102.)

From this point, the procedural history of Petitioner's postconviction matters has been described as "complex and protracted." (State's Lodging E-12.) The Court will briefly highlight those portions of the postconviction history relevant to the procedural default issues in this case.

**MEMORANDUM DECISION AND ORDER - 4**

November 2004     Counsel David Parmenter filed a first application for postconviction relief for Petitioner, asserting, among other claims: (1) trial counsel Garbett was ineffective for failing to call witnesses and present evidence regarding a restitution plan at Petitioner's sentencing that sought to have Petitioner released on probation to pursue employment so that he could repay investors; and (2) Garbett was ineffective for failing to file a notice of appeal from the judgment of conviction and from the denial of the Rule 35 motion for reduction of sentence. (State's Lodging B-1.)

September 2006     The state district court denied relief on Claim (1), but granted relief on Claim (2), re-entering judgment (twice) to permit Petitioner to appeal. (State's Lodging A-1, pp. 143, 156-57.)

March 2008     The Idaho Court of Appeals affirmed the state court decision that counsel was not ineffective, but determined that the cumulative consecutive sentences were unreasonably harsh and reduced them from a unified term of 78 years with 29 years fixed to a unified term of 46 years with 17 years fixed. (State's Lodging C-6.) Petitioner did not file a petition for review to challenge the portion of the decision affirming the ruling that Petitioner had failed to show ineffective assistance of counsel.

September 2009     Counsel John Souza filed a Rule 60(b) motion that was treated as a successive postconviction action. (State's Lodging D-1, pp. 28-130.) The state district court determined that Petitioner's prior counsel were ineffective for failing to present new information at the original rule 35 hearing or the original postconviction action. The court granted relief, entering an amended judgment of conviction, suspending the balance of his sentence, and placing him on supervised probation for 37 years. (State's Lodging D-1, pp. 185-206.) The State appealed, and Counsel Dennis Benjamin represented Petitioner in the appeal.

August 2010     The Idaho Court of Appeals reversed the district court's order amending the judgment, concluding that Petitioner did not present newly discovered evidence or meet the "any other reason justifying relief" standard of Rule 60(b). The Idaho Court of Appeals

**MEMORANDUM DECISION AND ORDER - 5**

concluded that counsel had not been ineffective, and postconviction relief was not warranted. (State's Lodging E-12.)

September 2010    Petitioner filed a petition for review before the Idaho Supreme Court, but then voluntarily withdrew it. The petition was not considered, and the remittitur was issued from the Idaho Court of Appeals. (State's Lodgings E-13 to E-16.)

## 3.    Discussion of Procedural Default

Respondent argues, very simply, that Petitioner's claims are procedurally defaulted because he did not bring any of his claims before the Idaho Supreme Court in a petition for review. This argument is supported by the state court record. Petitioner concedes that he did not file a petition for review after the March 18, 2008 ruling of the Idaho Court of Appeals. (Dkt. 27, p. 6.) Petitioner argues that, instead of filing a petition for review, he filed a second and third postconviction application to correct the errors in the first application. (Dkt. 27, p.7.) However, at the end of the day, Petitioner withdrew his petition for review in his final postconviction matter, preventing the Idaho Supreme Court from reviewing his claims. Because Petitioner failed to raise his claims before the Idaho Supreme Court in *any* of his actions, the Court concludes that the claims are procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 6**

**4.**      **Standard of Law Governing Cause and Prejudice**

A federal district court cannot hear the merits of a procedurally defaulted claim unless a petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986);  *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of his counsel during the postconviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

**MEMORANDUM DECISION AND ORDER - 7**

The holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), established a "limited qualification" to the *Coleman* rule. *Id*. at 1319. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 1318.

The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 1318.

In Idaho, the postconviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," although in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record"( as opposed to matters arising outside the record). *Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992). Thus, in Idaho, *Martinez* can be applied to ineffective assistance of trial counsel claims arising from Idaho state court convictions and sentences, where the postconviction setting was the first forum in which the ineffective assistance of trial counsel claim based on matters arising outside the record could have been brought and developed in an evidentiary hearing. *See Matthews*, 839 P.2d at 1120.

**MEMORANDUM DECISION AND ORDER - 8**

The *Martinez* Court explained that its holding was based on "equitable" rather than "constitutional" grounds, and emphasized that it was not to be applied generally to procedural default circumstances:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.... It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted).[1]

The Ninth Circuit has summarized the *Martinez* test as follows: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*,[2] whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (footnote added). Under *Strickland*, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. *Strickland*, 466 U.S. at 684. In *Sexton*,

---

[1] The *Martinez* Court also reiterated that (1) § 2254(i) specifically provides that "incompetence of counsel during Federal or State collateral postconviction proceedings shall not be a ground for relief in proceedings arising under section 2254," *id*. at 1320, and (2) its holding did not resolve the question of whether a prisoner has a right to effective counsel in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance of trial counsel. *Id*. at 1315.

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

**MEMORANDUM DECISION AND ORDER - 9**

the court reiterated that counsel is not ineffective for failing to raise a claim that is

meritless. 679 F.3d at 1157 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009)).

Under *Strickland*, there is a strong presumption that an attorney performed within

the wide range of professional competence; the attorney's performance will be deemed

deficient only if it fell below an objective standard of reasonableness measured under

prevailing professional norms. *Strickland*, 466 U.S. at 689, 694.

To show prejudice under *Strickland*, the petitioner must demonstrate that there is a

reasonable probability that, but for counsel's unreasonable errors, the result of the

proceeding would have been different. *Id*. at 694. "There are countless ways to provide

effective assistance in any given case. Even the best criminal defense attorneys would not

defend a particular client in the same way." *Id*. at 689. As a result, "[t]he question is

whether an attorney's representation amounted to incompetence under prevailing

professional norms, not whether it deviated from best practices or most common custom."

*Harrington v. Richter*, 131 S.Ct. 770, 778 (2011) (internal quotations and citation

omitted).

The application of the *Strickland* test in the context of *Martinez* means that

Petitioner is required to show that counsel's representation during the post-conviction

proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable

probability that Petitioner would have received relief on a claim of ineffective assistance

of trial counsel in the state postconviction matter.

**MEMORANDUM DECISION AND ORDER - 10**

This standard is a high one. Stated another way, to overcome procedural default under *Martinez*, the petitioner must show that "[postconviction relief] counsel's failure to raise the claim that trial counsel was ineffective was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and caused [the petitioner] prejudice." *Sexton*, 679 F.3d at 1157 (citing *Strickland*, 466 U.S. at 687).

**5.     Discussion of Cause and Prejudice**

Petitioner argues that *Martinez v. Ryan* applies to excuse the default of his ineffective assistance of trial counsel claims. However, Petitioner's claims were defaulted as a result of Petitioner's failure to file a petition for review with the Idaho Supreme Court, not as a result of ineffective assistance of postconviction counsel during initial postconviction proceedings.

Petitioner argues that it would have been futile to file a petition for review, because the Idaho Supreme Court could not have found in his favor for the reason that the record before it did not contain the additional financial records, victim statements, and other evidence that postconviction counsel failed to bring in the district court. Even if a futility theory were applicable, this argument does not address why Petitioner withdrew his petition for review after the final postconviction matter, when new counsel *had* brought forward additional financial records, victim statements,  and other evidence.

**MEMORANDUM DECISION AND ORDER - 11**

The *Martinez* exception is narrowly centered on what, exactly, caused Petitioner to fail to present his claims to the highest state court. In this case, Petitioner himself decided that filing a petition would not produce a successful outcome, and so he chose to forgo filing a petition. While Mr. Parmenter's decisions and actions *influenced* Petitioner's decision, they did not *cause* the nonfiling of the petition for review. Rather, the cause of the *default* of Petitioner's claims is Petitioner's decision to forgo filing a petition for discretionary review based on his own assessment that the claim would be futile. The narrow exception established in *Martinez* expressly "does not concern attorney errors in other kinds of proceedings, including appeals from the initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate court." 132 S.Ct. at 1320.

In addition to *Martinez*, Petitioner argues that the general rule requiring exhaustion, 28 U.S.C. § 2254(b)(1)(A), may be excused if one of two conditions is met: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Futility, however, does not exempt one from the exhaustion requirement. In *Engle v. Isaac*, the United States Supreme Court rejected the concept that challenging a long-standing legal rule in state court presents a circumstance of futility that excuses a petitioner from raising the claim in state court:

**MEMORANDUM DECISION AND ORDER - 12**

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. Allowing criminal defendants to deprive the state courts of the this opportunity would contradict the principles supporting *Sykes*.[3]

456 U.S. at 130 (pre-AEDPA case decided in the context of a procedurally-defaulted claim where petitioner raised no objection at trial because of the alleged futility of the objection).

Here, Petitioner has not shown that he was without an available state remedy; in fact, he did not follow through in presenting his claims to the Idaho Supreme Court through the state remedy that was available to him.

---

[3] In *Engle v. Isaac*, the Court noted that *Wainwright v. Sykes*, 433 U.S. 72 (1977), stands for the principle that the state appellate courts should be given a "chance to mend their own fences and avoid federal intrusion." 456 U.S. at 112.

**MEMORANDUM DECISION AND ORDER - 13**

**6.     Conclusion and Motions to Intervene**

Petitioner has made no meritorious argument to show cause for the default of his claims. He does not argue (nor does the record show) that he is actually innocent, another exception to the procedural default rule. Accordingly, this entire action is subject to dismissal with prejudice.

In addition, the Motions to Intervene filed by two victims of Petitioner's crimes are moot, because this action cannot proceed. (Dkt 22, 35.)

## ORDER

**IT IS ORDERED:**

1.     Petitioner's Motion to Withdraw Motion Requesting Leave to Amend (Dkt. 32) is GRANTED; Petitioner's Motion to Amend Petition (Dkt. 10) is DEEMED WITHDRAWN, and the Second Amended Petition (Dkt. 11) is STRICKEN.

2.     Respondent's Motion to Dismiss (Dkt. 18) is GRANTED.

3.     The Amended Petition for Writ of Habeas Corpus (Dkt. 8) and this entire action are DISMISSED with prejudice.

4.     Respondent's Motion for Leave to File Excess Pages (Dkt. 19) is GRANTED.

5.     Petitioner's Motion for Extension of Time to File Response (Dkt. 23) is GRANTED. The Response filed at Docket No. 27 is considered timely.

**MEMORANDUM DECISION AND ORDER - 14**

6.  Petitioner's Motion to File Oversized Statement of Disputed Facts (Dkt. 28) is GRANTED.

7.  Petitioner's Motion Withdrawing Motion for Leave to File Summary Judgment Motion (Dkt. 31) is GRANTED; Petitioner's Motion for Leave to File a Summary Judgment Motion (Dkt. 16) is DEEMED WITHDRAWN.

8.  The Motions Requesting Leave for Intervention Filed by Ray Nelson (Dkt. 22) and Peggy Cook (Dkt. 35) are MOOT.

9.  The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealabilty will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit.

DATED:  **June 6, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 15**